UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ BETTY RUIZ OUTTEN,<br><br>Plaintiff,<br><br>v.<br><br>SBM SITE SERVICES LLC, and DOES 1 to 25,<br><br>Defendants. | No. 2:17-cv-01258-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

By way of the present action, Plaintiff Luz Betty Ruiz Outten ("Plaintiff") seeks restitution from Defendant SBM Site Services LLC ("SBM") related to an employment injury which required disability accommodations. Generally speaking, Plaintiff alleges that Defendant prevented her from returning to work after the injury, discriminated against her due to her disability, refused to provide accommodations for her condition, and failed to provide her with restitution and accrual of her seniority for the time she was prevented from returning to work. The Complaint sets forth seven causes of action. The first five, based on the California Fair Employment and Housing Act ("FEHA"), are: (1) disability discrimination, (2) failure to provide reasonable accommodation, (3) failure to engage in the interactive process, (4) retaliation, and (5) failure to take all reasonable steps necessary to prevent discrimination from occurring. Plaintiff further asserts claims for breach of contract and wrongful termination in the Sixth and Seventh Causes of

1

Action, respectively.  Presently before the Court is Defendant's Motion to Dismiss, ECF No. 16, brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1]  For the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.[2]

**BACKGROUND**

Plaintiff has been employed as a custodian for SBM since 2010.  Pl.'s Compl., ¶ 7.  Sometime in 2011, Plaintiff sustained a wrist injury which required medical treatment and surgery.  Id., ¶ 8.  She eventually recovered and was released for work without medical restrictions in July of 2014.  Id., ¶ 9.  Despite the medical release, Plaintiff was not allowed to return to work.  Id.

On June 26, 2014, Plaintiff filed her first charge with California's Department of Fair Employment and Housing ("DFEH").  Def.'s Request for Judicial Notice, ("RJN"), Ex. 1.[3]  This first charge alleged six areas of adverse action taken against Plaintiff by Defendant SBM: (1) disability discrimination, (2) retaliation, (3) denial of a good faith interactive process, (4) denial of a work environment free of discrimination, (5) denial of reasonable accommodation, and (6) denial of reinstatement.  Id.  DFEH investigated the allegations and dismissed the charge for insufficient evidence on May 18, 2015, but issued Plaintiff a Notice of Case Closure and Right to Sue.  RJN, Ex. 3. Under the terms of this letter, Plaintiff had one year, or until May 18, 2016, to file a lawsuit against SBM. Id.  Plaintiff did not file a lawsuit within that period.

---

[1] In invoking lack of subject matter jurisdiction under Rule 12(b)(1), Defendant's Motion targets only Plaintiff's Sixth Cause of Action, for breach of contract, on grounds that Plaintiff lacks standing to allege any breach of the applicable Collective Bargaining Agreement.  As set forth below, Plaintiff indicates she is not asserting a breach of contract claim and consequently does not oppose dismissal of that claim. Otherwise, all remaining pleading challenges contained in this Motion are brought pursuant to Rule 12((b)(6).

[2] Having determined that oral argument was not of material assistance, the Court submitted Defendant's Motion on the briefs in accordance with Local Rule 230(g).

[3] In accordance with Defendant's unopposed request (ECF No. 17), the Court takes judicial notice of Defendant's Exhibits 1 through 4 under Federal Rule of Evidence 201 as they are state administrative agency documents.  Def's RJN, ECF Nos. 17-1, 17-2, 17-3, and 17-4.

On or around July 24, 2014, while the first DFEH charge was being investigated, Plaintiff engaged in the union's grievance procedures in order to return to work. Id., ¶ 10. On March 9, 2015, SBM agreed to permit Plaintiff to return to work the next day. Id. Plaintiff returned to work but alleges that Defendant refused to provide her with restitution for loss of pay and benefits, and accrual of seniority for the time that Plaintiff was prevented from working. Id.

On February 12, 2016, Plaintiff filed a second charge with DFEH. Id., ¶ 11. This second charge alleged that SBM took actions against Plaintiff that constituted: (1) disability discrimination, (2) harassment, (3) retaliation, (4) denial of a good faith interactive process, (5) denial of a work environment free of discrimination, (6) failure to provide health care coverage while on pregnancy disability leave, (7) denial of employment, (8) denial of family care or medical leave, (9) denial of reasonable accommodation, (10) denial of reinstatement, and (11) termination. RJN, Ex. 4. A Right-to-Sue letter was issued that same day. RJN, Ex. 4.

Plaintiff subsequently filed this action in the Sacramento County Superior Court against SBM on February 14, 2017. Defendant successfully removed the action to this Court on June 19, 2017.

## STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**B.     Motion to Dismiss Pursuant to Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

///

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560

(9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims against them on grounds that (1) Plaintiff's FEHA claims, as asserted in the First through Fifth Causes of Action, are barred by the applicable statute of limitations, (2) Plaintiff fails to state a cause of action by way of those claims, and (3) Plaintiff's breach of contract claim, as well as claims for retaliation based on participation in union activities, are preempted by the provisions of the applicable collective bargaining agreement.  Each of those contentions will now be addressed.

### A. Statute of Limitations and the First Right-to-Sue Letter

Defendant argues that Plaintiff's Complaint alleging FEHA-based claims are time barred under California Government Code section 12965(b) because Plaintiff failed to file her civil complaint within one-year after she received her first right-to-sue letter from the DFEH.

In her Opposition, Plaintiff states that the first DFEH charge filed on June 26, 2014 is not the relevant conduct on which this action is based. Plaintiff asserts that the illegal conduct at issue in this Complaint occurred on July 30, 2014, which is wrongdoing that occurred after the first DFEH claim was filed. Opp. at 5. Additionally, Plaintiff argues that the causes of action alleged in the Complaint are separate claims involving different dates of wrongdoing and different underlying facts. Id.

Defendant is correct that any claims in Plaintiff's Complaint which stem from the first DFEH charge are barred by the statute of limitations. A plaintiff cannot avoid the statutory bar by filing a second DFEH complaint and using the second right to sue notice to file a lawsuit. Acuna v. San Diego Gas & Elec. Co., 217 Cal. App. 4th 1402 (2013). Therefore, Plaintiff's FEHA claims based on the first DFEH charge (for events prior to June 26, 2014) are barred by the statute of limitations.

### B. Second Right-to-Sue Letter

The Complaint alleges five FEHA-based claims stemming from the second DFEH charge: disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, retaliation, and failure to prevent discrimination from occurring.

#### 1. FEHA causes of action

Defendant claims that Plaintiff's causes of action stemming from the second right-to-sue letter are duplicative charges based on the same set of facts as the first charge. Therefore, according to Defendant, they are also barred by the same statute of limitations applicable to the first right-to-sue letter. Plaintiff disagrees, stating that the

///

1  second charge targeted events that occurred after the time the first DFEH complaint was
2  filed on June 26, 2014.
3      Before analyzing whether Plaintiff's filing was timely, it is helpful to review relevant
4  dates important to the Court's analysis. On June 26, 2014, Plaintiff filed her first DFEH
5  charge stemming from Defendant's failure to reinstate to her position following a wrist
6  injury. RJN, Ex. 1. After investigating the claims, DFEH dismissed her complaint but
7  issued a right-to-sue letter on May 8, 2015. Id., Ex. 3. A month after submitting her
8  DFEH claim, Plaintiff pursued union grievance procedures in order to return to work.
9  Compl., ¶ 10. This process ended on March 9, 2015 (after Plaintiff claimed she was
10 terminated on July 30, 2014) when SBM agreed to reinstate Plaintiff but not until the
11 following day. Id. Less than a year later, on February 12, 2016, Plaintiff filed a second
12 DFEH claim based on her alleged termination and Defendant's actions during the
13 grievance process. Plaintiff obtained a second right-to-sue letter that same day. RJN,
14 Ex. 4. Plaintiff filed this action on February 14, 2017.
15     The Complaint alleges that Defendant discriminated against Plaintiff by preventing
16 her from returning to work on July 30, 2014. Plaintiff then claims she was discriminated
17 against again on March 9, 2015 when, after completing union grievance procedures that
18 would have allowed her to return to work that day, SBM rejected that arrangement,
19 instead only permitting her to return to work the following day, March 10, 2015. Compl.,
20 ¶ 10. Both of those events occurred after Plaintiff filed her first DFEH claim for conduct
21 prior to June 26, 2014. Consequently, in her Opposition, Plaintiff contends that the
22 FEHA causes of action in the Complaint, which are the subject of the second DFEH
23 charge, involve different dates of wrongdoing and a different set of facts than those
24 inuring to the first DFEH charge. Opp. at 5. Plaintiff further contends that the DFEH
25 claim and this civil action were timely submitted based on principles of equitable tolling.
26 Id.
27     In McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88 (2008), the court
28 held that FEHA statutes of limitation may be equitably tolled while the plaintiff engages in

internal grievance procedures. In that case, the employee filed a claim with the DFEH almost two years after the alleged discrimination took place, but while the internal review process was ongoing. Id. at 98. The employer argued that the employee's claims had expired and equitable tolling did not apply to the internal grievance procedures. Id. at 98. The California Supreme Court disagreed with the employer and applied equitable tolling for the time the employee engaged in the internal grievance procedures. Id. at 110-111. Additionally, the court reaffirmed that their rule of liberal interpretation of equitable tolling in FEHA cases "favored selecting as the trigger date for the FEHA's statute of limitations the one that would maximize the likelihood of informal employer-employee reconciliation and minimize the need for premature litigation." McDonald v. Antelope Valley Cmty. Coll. Dist., supra, 45 Cal. 4th at 110-111, quoting Romano v. Rockwell Internat., Inc., 14 Cal. 4th 479 (1996).

Here, Plaintiff filed her second DFEH charge on February 12, 2016, almost two years after the July 30, 2014 date Plaintiff claims Defendant first refused to permit her to return to work, and therefore effectively terminated her employment. However, Plaintiff was engaged in the union grievance procedure from July of 2014 until March 9, 2015. Therefore, by applying the principles of equitable tolling and using the end date of the grievance process, Plaintiff's filing of the second DFEH charge in February 12, 2016 puts her within the year required to file a FEHA claim. As this suit was then filed within a year of the DFEH right-to-sue letter, on February 14, 2017, this action was also timely filed.

Thus, Plaintiff's FEHA claims survive the statute of limitations and Defendant's Motion to Dismiss as to these claims is DENIED.

### 2. Wrongful Termination

Defendant alleges that Plaintiff fails to adequately plead sufficient facts to bring a claim for wrongful termination in violation of public policy on the basis that there is no termination date or facts surrounding the circumstances of said termination.

To state a claim for wrongful termination, a plaintiff must show the following elements: "(1) an employer-employee relationship, (2) the employer terminated the

plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." Yau v. Allen, 229 Cal. App. 4th 144, 154 (2014).  Violations of public policy generally fall into four categories: "(1) refusing to violate a statute; (2) performing a statutory obligation; (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." Gantt v. Sentry Ins., 1 Cal. 4th 1083, 1090-1091 (1992), overruled on other grounds in Green v. Ralee Engineering Co., 19 Cal. 4th 66 (1998).

Here, the Complaint fails to meet the elements necessary to state a claim for wrongful termination.  Plaintiff does not assert facts related to a date of termination.  In fact, no termination seems to have occurred.  The Complaint mentions that after Plaintiff was not allowed to return to work, she engaged in union-related grievance procedures in order to return to work.  Compl., ¶ 10.  Therefore, Plaintiff seems to still be acting as an employee of SBM.  As for the third element, Plaintiff vaguely states allegations sufficient to indicate whether this wrongful termination implicates public policy concerns.  Plaintiff claims wrongful termination in violation of public policy on the basis that Defendants violated several federal and state laws: Americans with Disabilities Act of 1990, Family Medical Leave Act, Civil Rights Act of 1964, California Fair Employment and Housing Act, and California Family Rights Act when they terminated her due to "being disabled and requesting accommodation from Defendants in the form of leave from work due to her surgery and health care provider appointments and treatments." Id. at ¶¶ 48-49.  Plaintiff lists the statutes but does not allege additional facts supporting these violations.

Consequently, Plaintiff fails to state a claim for wrongful termination.  The Complaint does not allege facts sufficient to implicate public policy concerns.  The wrongful termination cause of action is therefore DISMISSED with leave to amend.

### C. Breach of Contract and Collective Bargaining Agreement

Finally, the Complaint alleges a cause of action for breach of contract without any supporting facts.  Defendant challenges that claim as not only factually inadequate but also preempted in any event by the provisions of the applicable collective bargaining

agreement, thereby depriving the Court of jurisdiction in the first place. In her Opposition, Plaintiff concedes that she is not pursuing a breach of contract claim, explaining that the heading which listed the claim was simply not omitted from a previous draft. Opp. at 3. Plaintiff further concedes that she is not pursuing a cause of action for breach of collective bargaining agreement that could potentially give rise to a retaliation claim under that agreement. Id. As such, issues regarding jurisdiction need not be addressed.

Thus, Plaintiff's Sixth Cause of Action, for breach of contract claim is DISMISSED without leave to amend. Plaintiff's Fourth Cause of Action for retaliation, to the extent it is based on participating in union activities, is also DISMISSED without leave to amend.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff may (but is not required to) file an amended complaint not later than thirty (30) days from the date this Memorandum and Order is electronically filed. If no amended complaint is timely filed, the causes of action dismissed by virtue of this order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: October 1, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE